(No. 4729—)

FRANK VESCI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 16, 1960.*

PIACENTI AND CIFELLI, Attorneys for Claimant.

WILLIAM L. GUILD, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

FEARER, J.

On June 20, 1956, claimant, Frank Vesci, filed his claim in this Court against respondent alleging certain acts of negligence of respondent's agents, namely a flagman by the name of Joseph Mancini and the operator of a 1954 tractomobile.

The accident occurred on October 25, 1954 on 26th Street at or about 500 feet west of Salk Trail in Cook County, Illinois. The street in question was also State Aid Route No. 202 under the jurisdiction of the State of Illinois, Department of Public Works and Buildings.

The route in question was approximately four miles in length, and extended from Western Avenue on the

24

west to Cottage Grove Avenue on the east. It coincides with 26th Street in the Village of Park Forest and the cities of Chicago Heights and South Chicago Heights.

On the date of the accident at or about the hour of 1:30 P.M., respondent, through its agents, was engaged in shaping the earth shoulders on said State Route No. 202 at the point of the accident, and to the east and west thereof. There were a number of men located at the scene of the accident, who were operating heavy duty earth moving equipment, a power-driven blade grader, and a tractomobile, which was used in picking up and depositing excess dirt into a dump truck, which then hauled it from the work site.

At the time and place set forth herein, claimant owned and was operating a 1947 Dodge truck, which he used in conducting a hauling and delivery service business. Claimant was driving his truck in an easterly direction as he came upon the location where said work was being done, and he either slowed or stopped his truck upon instruction from the flagman. Upon a signal from the flagman, he proceeded to drive within the area where the equipment referred to herein was being operated, and where the accident occurred.

The evidence is in dispute as to: (1) whether or not the accident occurred on the north or south side of said road, which was a concrete pavement approximately 18 feet in width; (2) whether the operator of the tractomobile negligently picked up and swung the bucket over onto the traffic lane in which claimant was driving, striking the truck on the lefthand side near the cab where claimant was sitting, and causing it to rock and nearly tip over; or, (3) whether claimant ran into and upon the bucket of the tractomobile with the resulting slight damage to the front end of the truck, which was stopped at the point of impact.

Respondent has not filed an answer to the complaint. Therefore, under the rules of this Court a general traverse or denial of the allegations set forth in the complaint will be considered as having been filed.

In addition to the complaint, the record consists of the following exhibits offered by respondent:

1. Departmental Report
2. Map of the area
3. Photographs of the scene of the accident
4. Photographs of the tractomobile

Claimant offered a stipulation as to medical reports, which respondent joined in, which also included bills of the doctors and hospital. No doctor was called to testify in person as to the nature and extent of claimant's injuries.

This case was heard by Judge Immenhausen, who spent a considerable length of time in trying to clarify the discrepancies in claimant's testimony as to the material facts surrounding the happening of the accident, nature and extent of his injuries, loss of earnings, and damage to his truck.

It is interesting to note that claimant did not offer a photograph showing where the truck was damaged, but respondent did offer a photograph of the piece of equipment involved in the accident. It does not show any damage whatsoever. We, however, appreciate the fact that the equipment is of heavy steel construction.

We feel justified in adopting the Commissioner's findings as to the proximate cause and question of contributory negligence. He had an opportunity of viewing the witnesses, and interrogating claimant's and respondent's witnesses. His comments on the fact that claimant was unable to give clear and concise testimony as to exactly how the accident happened, and that claimant's testimony, in many instances, was inconsistent, were

noted. In reading the record and the Commissioner's Report, we can't help but feel that claimant was guilty of contributory negligence.

It appears to us from reading this record and examining the exhibits that claimant had every opportunity to avoid the accident in question. It appears also to us that photographs substantiating his claim or the establishing of certain physical facts might have been helpful in corroborating his testimony. However, we have no corroborating testimony given in his behalf.

Also, there was a great deal of difficulty and inconsistency in the evidence as to his injuries, loss of earnings, and, in fact, all elements of his claim for damages. The foregoing, coupled with his inconsistent testimony and lack of evidence to substantiate his claim, are our reasons for denying his claim for personal injuries, property damage, loss of use of the truck, and salaries for additional help.

The record and transcript of evidence in this case are wanting in many respects in establishing a claim against respondent, especially where respondent had set up safeguards warning the traveling public in going through the area in question at the time of the accident.

Respondent is not an insurer of all persons traveling upon its highways. Where construction work is taking place, all that respondent has to do is to use reasonable safeguards in warning the traveling public of the location where such construction work is in progress. We believe from this record that respondent issued the required warnings, and claimant had ample notice of the construction work taking place through the area in which he was driving when the accident occurred. Further, we believe that it was his negligence and not the negligence of respondent's agents, which was the proximate cause of the accident resulting in his injuries.

It is, therefore, the order of this Court that the claim filed herein be denied.